DLD-152                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2836
_____

UNITED STATES OF AMERICA

v.

KENNETH WEHRY,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 17-cr-00345-01)
District Judge:  Honorable Christopher C. Conner

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed:  May 19, 2021)
_____

OPINION*
_____

PER CURIAM

        Kenneth Wehry appeals from the District Court's order denying his motion for

compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Government

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2018, Wehry pleaded guilty in the District Court to receiving and distributing child pornography. The District Court sentenced him to 90 months in prison after a downward variance from his Guidelines range of 151–188 months. In June 2020, Wehry filed a pro se motion for compassionate release, arguing that he suffered from medical conditions that increased his risk of severe illness from COVID-19. The District Court appointed counsel, who filed a brief in support. The Government opposed the motion. After the District Court entered an order denying the motion on the merits, Wehry filed a pro se notice of appeal, and the Government filed a motion for summary affirmance.

We have jurisdiction over the appeal under 28 U.S.C. § 1291.[1] We review the District Court's order for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment after weighing the relevant factors. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting

---

[1] Although Wehry filed his notice of appeal beyond the fourteen-day appeal period, the District Court subsequently granted a motion for an extension of time to file the notice of appeal pursuant to Fed. R. App. P. 4(b)(4), having determined that Wehry showed good cause for the delay due to the lockdown at his prison.

compassionate release, however, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A).

The District Court determined that Wehry had not established extraordinary and compelling reasons for compassionate release. While it noted that some of Wehry's medical conditions were included on the CDC's list of conditions which may increase the risk of severe illness from COVID-19, it determined that the risk of exposure at his facility was minimal. Moreover, the District Court concluded that consideration of the § 3553 factors—the seriousness of Wehry's offense, the downward variance he had received, and the time left on his sentence—did not support a sentence reduction.

In its motion for summary affirmance, the Government asserts that none of Wehry's medical conditions—anxiety, high cholesterol, high blood pressure (controlled by medication), basal cell carcinoma, and atherosclerosis—puts him at high risk for an unfavorable outcome if he contracts COVID-19. The Government also notes that, at the time of Wehry's motion, only one of the thousand inmates at his facility had tested positive for COVID-19, and there were 66 cases at the time of its motion for summary affirmance.

Regardless of whether Wehry's medical issues and COVID-19 risk constitute extraordinary and compelling reasons, the District Court did not abuse its discretion in denying a sentence reduction based on its weighing of the § 3353 factors. Wehry's offense of receiving and distributing sadistic, violent child pornography is serious. See 18 U.S.C. § 3553(a)(2)(A) & (C) (including protection of the public as a sentencing factor as well as the need for the sentence "to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense"). As noted by the District Court, Wehry received a significant variance downward from his Guidelines range of 151 to 181 months in prison and was sentenced to 90 months in prison. At the time of the denial of his motion, he had nearly half of his sentence remaining. See Pawlowski, 967 F.3d at 330 (concluding that the amount of time remaining to be served in an inmate's sentence is an appropriate consideration under § 3582(c)(1)(A)). The District Court did not commit a clear error of judgment in its consideration and weighing of the relevant factors.

As the District Court did not abuse its discretion in denying Wehry's motion for a sentence reduction, this appeal does not present a substantial question. Accordingly, we grant the Government's motion, and we will summarily affirm the District Court's judgment.